# Davis, Appellant, v. Edmondson.

*Negligence—Dance hall — Rear door — Wooden platform — Absence of guard rails—Injury to musician—Statement of claim—Unfamiliarity with place—Stepping out into darkness—Affidavit of defense in nature of demurrer—Practice Act of May 14, 1915, P. L. 483—Contributory negligence—Judgment for defendant.*

1. A statement of claim is insufficient where it fails to make out a case clear of contributory negligence on the part of the plaintiff.

2. In an action against the owner of a dance hall to recover for personal injuries resulting from plaintiff's falling off a platform adjoining a rear door of the hall, the statement of claim affirmatively discloses contributory negligence on the part of the plaintiff and judgment was properly entered for the defendant where it was averred that plaintiff was a musician employed by the lessee of the hall; that the platform in question was three feet by six and was used during the dancing by the dancers; that some one other than the plaintiff on the night of the accident opened the door in the hall leading to the platform and he stepped out on it in the darkness, that he was unable to see the ends of the platform and stepped off it and sustained the injuries complained of.

Argued March 5, 1918. Appeal, No. 35, Jan. T., 1918, by plaintiff, from judgment of C. P. Montour Co., June T., 1917, No. 15, entered for want of a sufficient statement of claim in case of William Elwood Davis v. George D. Edmondson. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries.

The facts appear from the following opinion by EVANS, P. J.:

The affidavit of defense in this case is practically a demurrer to the plaintiff's statement—that the statement does not set forth a cause of action against the defendant. Therefore every material allegation of fact stated therein must be regarded as true for the purpose of determining the question now before the court.

The "Practice Act" of May 14, 1915, P. L. 483, abol-

ishes a demurrer as a possible pleading in actions of assumpsit and trespass, except for libel and slander, brought in the Common Pleas. Section 4 of the act reads as follows:

"Demurrers are abolished. Questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section twenty."

Section 20 of the act reads as follows:

"The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court. If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just......"

The plaintiff in this case claims to recover damages for personal injuries because of the failure of the defendant to erect a guard rail around a platform three by six feet erected in a private alley in the rear of the opera house building in the Borough of Danville in this county.

The facts upon which the plaintiff bases his right to recover as disclosed by the statement and amended statement are as follows:

1. On and prior to February 17, 1917 (date of accident), the defendant was the owner of a four-story brick building at the northeast corner of Mill and Mahoning streets in the Borough of Danville.

2. The defendant rented a room on the ground floor in said building to Mrs. Jacobs for the purpose of conducting dancing classes and the holding of dances therein.

3. During the time the room was so rented and occupied and at the time of the accident there existed a narrow private alley or passageway in the rear of the building.

4. A door opened from the rear of the room directly on a wooden platform about three by six feet extending across the private alley at a level of from five to seven

feet above the ground. The platform was directly outside of the door and doorway in the rear of the room leased to Mrs. Jacobs and was unguarded by railing or barrier of any kind.

5. During the time dances were going on in the room it was customary for the tenant to open said rear door and for dancers and musicians and others attending to pass through the same, go upon, stand on and temporarily occupy the said wooden platform.

6. On the night of February 17, 1917, the plaintiff was employed as one of the musicians who played for the dance held that night in the room leased to Mrs. Jacobs. During an intermission between the dances he passed through said door and doorway, out on the said small wooden platform and stepped off and was injured.

7. The plaintiff was not familiar with the said small wooden platform, did not know of its existence, had never been in the dance room before that night.

8. Some one other than the plaintiff opened the door on the night of the accident and during an intermission the plaintiff walked out through the open door on the little wooden platform. He could not see the ends thereof because of the darkness of the night and he walked off of the platform and was injured.

Upon this statement of facts the defendant contends in the affidavit of defense that the plaintiff is not entitled to recover:

1. Because the statement does not show any liability on the part of the defendant, entitling the plaintiff to recover the damages claimed.

2. Because the statement does not aver any negligence upon the part of the defendant, making him liable for the damages claimed.

3. Because the statement shows no cause of action against the defendant.

Upon the argument on the part of the plaintiff it was contended that 'the defendant rented his room for a dance hall, knowing that it would be used for such pur-

pose; that it had a doorway in the rear opening upon the narrow, unguarded and unlighted platform, that if attendants upon dances passed through the doorway and attempted to stand on the platform in the nighttime they were in danger of stepping off of the same by reason of its being unguarded and unlighted.; that he knew that the opening of such a door and the passing out on this platform by those attending the dance, was the usual, ordinary and probable act to be expected and anticipated; that dancers or musicians engaged in violent exercise in a heated room would open this rear door, and during intermissions step out on the platform to temporarily occupy the same for air and relaxation, and this was such a natural, reasonable and probable use of the premises as should have been foreseen and anticipated and the danger incident thereto guarded against and, the defendant having failed to do so, was guilty of negligence.

On the other hand on the part of the defendant it was contended that the plaintiff is not entitled to recover for the following reasons:

1. Because no negligence is alleged or shown; that the statement nowhere shows any negligence on the part of the defendant which would entitle the plaintiff to recover; that the room was rented as shown by the third paragraph of the statement to Mrs. Jacobs; that the defendant landlord owed no duty outside of the room to third parties, the patrons of his tenant; that the private alley or passageway in the rear of the building paved with cobble stones was no part of the room leased and that the lease gave the tenant no right to the said alley or passageway; and

2. Because the plaintiff's statement clearly shows and convicts him of contributory negligence.

As the court views this case the plaintiff's contributory negligence as disclosed by his statement is decisive.

In the trial of a negligence case where damages are claimed for personal injuries the plaintiff is not required

to disprove contributory negligence but only to make out a case clear of contributory negligence. If he fails to make out a case clear of contributory negligence a verdict should be directed for the defendant. The universal rule is that if negligence on the part of the person injured contributed to the injury he is not entitled to recover therefor, and the rule applies although the contributory negligence is of a negative character, such as a lack of vigilance: 29 Cyc. 507.

In the opinion of the court the 13th, 14th, 15th and 16th paragraphs of the plaintiff's statement clearly convict him of contributory negligence. He was employed as one of the musicians to play for the dance on the night of the accident; he had never previously attended any of the dances held in the room leased to Mrs. Jacobs; he did not know of the existence of the little three by six foot wooden platform erected across the private alley or passageway in the rear of the building. Some one other than the plaintiff opened the door earlier in the evening on the night of the accident, and the plaintiff, a total stranger to the place and surroundings, walked out through the doorway in the darkness of the night on the little wooden platform and because he could not see the ends of the platform he stepped off and was injured.

In Sweeney, Appellant, v. Barrett, 151 Pa. 600, the syllabus of the case reads:

In an action for damages for personal injuries a nonsuit is properly entered where it appears that plaintiff, on a dark night, stepped from the rear door of the saloon leased to the defendant with the intention of going on to a lot with which he was unfamiliar, and turning as he stepped out, fell down an outside open stairway leading to a cellar, there being no evidence that the stairway was built in an improper or unskillful manner.

In Johnson v. Wilcox, 135 Pa. 217, it was held that where a plaintiff, while on his way to a dance-room in the third story of a building having a safe entrance by a well-lighted hall and stairway, stepped aside through a door

on the second floor out in the dark, upon a platform which he thought was protected by a railing, but fell and was injured, was guilty of such contributory negligence that in an action against the owner of the building it was proper to direct a verdict for the defendant.

The injury of which the plaintiff complains in this case was so clearly the result of his own carelessness or negligence that he is not entitled to recover. He did not even know of the existence of the platform as he walked out through the open door in the darkness of the night and stepped therefrom.

Defendant filed an affidavit of defense in the nature of a demurrer.

The lower court entered judgment for the defendant. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment for the defendant.

*Fred Ikeler,* with him *H. R. Stees,* for appellant.

*Russell Duane* and *H. M. Hinckley,* for appellee.

PER CURIAM, April 22, 1918:

The correct conclusion of the learned court below was that it clearly appears from plaintiff's statement of his cause of action that the injuries he sustained were due to his carelessness or negligence, and the judgment, which was properly entered under the Act of May 14, 1915, P. L. 483, is affirmed.