## Thompson et ux. *v.* Refowich, Appellant.

*Negligence—Landlord and tenant — Repairs to leasehold — Defective repairs—Liability of landlord.*

In an action of trespass to recover damages for personal injuries it appeared that the plaintiff was the wife of a tenant under a written lease, which contained a provision that the landlord was not liable for repairs. Notwithstanding this provision the defendant did repair a step on a stairway to a porch. Some six or seven months later the step broke when the plaintiff's wife was walking thereon, and she was injured. It also appeared that both the plaintiff and his wife knew of the insecure condition of the steps.

*Held:* that under such circumstances the indifference of the tenant and his wife to the security of the steps contributed to the injury. The tenant and the members of his household could not overlook the repairs necessary and practicable at a trifling outlay of time and money, and hold the landlord to the serious consequences of such oversight. Judgment should have been entered for the defendant non obstante veredicto.

Argued December 2, 1924.   Appeal, No. 256, Oct. T., 1924, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1923, No. 125, on verdict for plaintiff, in the case of William H. Thompson and Ella May Thompson v. Levi Refowich. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for William Thompson in the sum of $250, and Ella May Thompson in the sum of $750, and judgment thereon.   Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*M. M. Burke,* and with him *Joseph W. Moyer,* for appellant.

*G. H. Gerber,* and with him *A. D. Knittle,* for appellees.

OPINION BY PORTER, J., April 28, 1925:

The plaintiffs, husband and wife, brought this action of trespass to recover damages for injuries alleged to have been sustained by the wife when a step, in the stairs leading from the house into the backyard of the premises, which plaintiffs occupied as tenants of the defendant, broke and caused her to fall.   They recovered a verdict and judgment in the court below and this appeal is by the defendant.   The defendant having taken but one appeal, from the two judgments, entered severally in favor of the husband and wife, the mistake was called to the attention of counsel for the defendant, and the appeal was thereupon discontinued as to William H. Thompson.   We have, therefore, to deal only with the judgment in favor of Ella May Thompson.   The defendant having submitted a point requesting binding instructions in his favor, which was refused, moved the court for judgment non obstante veredicto, in accordance with the provisions of the Act of April 22, 1905, and the overruling of that motion is the foundation for the only assignment of error.

The defendant, in April, 1922, by written agreement, leased to William H. Thompson a dwelling house in the City of Pottsville, for a term of one month at a fixed rental, the lease containing a clause that in case the

lessee held over he should become a tenant from month to month, subject to all the provisions of the agreement. Thompson and his wife, the latter the appellee, continued to occupy the premises until August, 1923, or for about sixteen months.   Under the terms of the lease, it was expressly covenanted that the lessor should not be required to make any repairs to the premises; that the lessee accepted the premises in the then present condition of repair and the lessee expressly released the lessor from all liability for any injury that might be sustained on account of the condition of the demised premises, during the term or any renewal or continuance thereof.   The lessee was in possession of the entire premises and this case is to be distinguished from those in which the landlord rents different parts of a building to several tenants, the landlord retaining control of the stairs, halls and other means of approach to the several rooms.   One of the treadboards in the steps leading from the porch into the backyard became loose and after this appellee had repeatedly asked the defendant to repair it he did, in August or September, 1922, have a carpenter place a new board in the stairs; this being the step next to the bottom.   The plaintiffs continued to use the step thus placed for more than six months, during which it was entirely exposed uncovered to the action of the weather, until, on April 23, 1923, when it broke under the appellee as she was carrying a basket of washing from the house into the backyard, causing her to fall and, as alleged, injuring her severely.   The contention of the plaintiffs is that the board thus placed in the steps was defective and that the defendant was negligent in placing it upon the step.   There was in this case no allegation of misrepresentation or fraud which induced the tenant to enter into the covenants expressly relieving the landlord from the obligation to make repairs.   A landlord cannot be held liable to a person occupying a house under a lease as a member of the lessee's family, for an injury resulting from the defective condition of

the steps leading into the house, in the absence of any covenant for repairs by the landlord: Robinson v. Heverin, 50 Pa. Superior Ct. 546. "In the absence of an express agreement there is no implied obligation on the landlord to repair demised premises, nor does he impliedly undertake that they are fit for the purposes for which they are rented, that they are tenantable or shall continue so......The rule here, as in other cases, is caveat emptor": Moore v. Weber, 71 Pa. 432. In the case last cited it was said: "The learned judge below, however, appears to have thought that there was a duty on the part of the landlord to maintain the premises in a tenantable condition. From evidence that the defendant had done some repairs, he left it to the jury to infer that there was a general contract by him to do all repairs necessary to keep the house tenantable. Even admitting that this ground could be resorted to under the pleading, it is manifest that the fact that a landlord voluntarily, and at the request of the tenant, does certain repairs is no evidence from which an inference can be drawn, as was here submitted to the jury. It must certainly appear distinctly that the repairs were done under an agreement of some kind." Even if it were to be assumed that this defendant was negligent in placing a board in the step which was not fit for the purpose, the repair necessary to make the stairway safe was slight in character, and the evidence upon which the tenant and his wife, this appellee, relied in support of their alleged right to recover, if believed, clearly established that they knew of the defective condition of the step for months before the accident happened. This appellee testified that when the board was first put in the steps she knew it "wasn't any too good; anybody could see that." She told the landlord and those present at the time it was kind of shaky and she didn't believe the board was good. The stairs led down along the side of the house. The appellee testified that the place in the board which was defective was near the outside, the side away from the

house; that whenever she went down the stairway she went close to the house, that she did this because she regarded the step as unsafe. When testifying as to the condition of the step she said that it did not look sound to her at the place where it subsequently broke, saying: "I think anybody could see it......Anybody that knows anything about wood; I seen it, and I don't know much about wood." "Q. fYou were of opinion that anybody could see the trouble in this board that you complained of? A. Sure, I think so," and again: "Q. After that you examined it and looked it over? A. It looked shaky to me. Q. By that you mean it was unsafe? A. Yes. Q. And this step was in use until the following April when it broke? A. Yes." Her testimony clearly discloses that she regarded the board as unsafe from the time it was put in; that in going up and down the stairs she used the side next to the house, for the reason that she considered the other end of the step unsafe, and distinctly said that she forgot the danger at the time the accident happened and used the part of the step which she considered unsafe. Her husband testified that he noticed a crack in the board, at the place where it subsequently broke, within two weeks after the board had been placed upon the step; that at the time the board was put in he did not "think it was all right." On cross-examination he said that he saw the crack in the board shortly after it was put in, that he did not do anything to remedy the defect, or cause it to be remedied for the reason that it was not his business to do so. This indifference of the tenant and his wife, this appellee, as to the security of the steps contributed to the injury. The tenant and the members of his household could not overlook the repairs necessary and practicable at a trifling outlay of time and money and hold the landlord to the serious consequences of such oversight: Robinson v. Heverin, supra. The motion of the appellant for judgment notwithstanding the verdict ought to have been sustained.

The judgment is reversed, and judgment is here entered in favor of defendant.