## Smalley, Appellant, v. First National Bank of Wilkinsburg.

*Negligence—Stairways—Failure to light—Contributory negli-
gence.*

In an action of trespass to recover damages for personal injuries,
it appeared that the plaintiff had gone to a bank after banking
hours, and that in leaving the bookkeeper's room on the second
floor she had fallen down an unlighted stairway with the resultant
injuries. It also appeared that ordinarily the stairway was lighted
with a high-powered lamp, but that, after the close of business,
the light had been turned out, and that the plaintiff was familiar
with this practice, and had entered on the premises notwithstand-
ing such conditions.

Under such circumstances the plaintiff was guilty of contributory
negligence and cannot recover. She voluntarily tested a manifestly
dangerous situation, of which she was fully warned, and that act
convicts her of contributory negligence and bars her recovery.

Argued May 4, 1925. Appeal No. 167, April T.,
1925, by appellant, from judgment of C. P. Allegheny
County, April T., 1923, No. 1057, in the case of
Lera M. Smalley v. First National Bank of Wilkins-
burg. Before PORTER, HENDERSON, TREXLER, KELLER,
LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1500.00. Subsequently the Court, on motion, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was the decree of the Court.

*Harry S. McKinley,* for appellant.

*Robert D. Dalzell,* for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

This is an action for personal injuries in which the jury rendered a verdict for plaintiff; a rule for judgment n. o. v. was made absolute; this appeal ensued. The evidence, viewed in the light most favorable to plaintiff, warrants the following statement of facts: Since the year 1916 plaintiff had been a depositor of the defendant which, at the time of the accident, occupied as its place of business a building at the corner of Penn Avenue and Wood Street, in the Borough of Wilkinsburg. The banking department was on the first floor. On the second floor were the bookkeeping department, the directors' room and a rest room for the girls who worked in the bookkeeping department. The bookkeeping department had been maintained on the second floor since 1920. The entrance to the banking department was on Penn Avenue. Access to the bookkeeping department was by a separate doorway on Wood Street at the rear of the building, a stairway consisting of a flight of sixteen steps to a landing and a turn to the right for three or four additional steps which opened into a hallway through which it was necessary to pass for about fifty feet to the door of the bookkeeping department. In the ceiling of the vesti-

bule, just inside the door on Wood Street, there was a lighting fixture. On the evening of Saturday, April 1, 1923, about 8:30 o'clock, plaintiff made a deposit in the banking department and later, about 9 o'clock, returned to find out the amount of her balance. The banking department was closed, but she saw from the street that the bookkeeping department on the second floor was still lighted. She entered the door on Wood Street, ascended the stairs, walked along the hallway to the bookkeeping department and secured the information she desired. At that time all of the employees of the bookkeeping department, except the head bookkeeper, had gone. Plaintiff's description of what happened next is as follows: "I walked out the hallway, the door to the bookkeeping department being closed after me, to the stairs to descend. I descended three or four stairs thinking there was a landing—I knew there was a landing, but thinking that I had another step to make, I stepped down and, no light being there to give me any warning, I just went right into space and down on my head, the thirty some slate steps." She based her charge of negligence against defendant on the allegation, and submitted evidence to prove, that it failed to furnish and maintain a reasonably safe and proper means of access to its bookkeeping department in that it failed to maintain and keep the flight of stairs properly lighted. She testified that on at least three previous occasions she went to the second floor during banking hours for the purpose of obtaining her bank balance and that she did so in accordance with directions given to her by those in charge of the banking department; that she knew that the hour for closing the banking department on Saturday was 8:30 p. m. and that the bookkeeping department closed about 9 o'clock; that on the other occasions when she went upstairs to get her balance after nightfall a very large light was burning at the foot of the stairs and gave ample light upon them; that

on the night of the accident the light was not burning and the passageway from the street to the door of the bookkeeping department was so dark that she could not see anything.

The single assignment of error is that the court below erred in entering judgment for defendant n. o. v. The ground for the court's action was that plaintiff was contributorily negligent. After a careful review of the record we are clear that the learned judge was right. Plaintiff admitted that when she went to the bookkeeping department on other occasions after it was dark, the stairs were well lighted. On the night of the accident she noticed the unusual condition that the light at the foot of the stairs was not burning, so that she could not see, and if she went up it would be necessary for her to grope along in the dark over the entire distance from the foot of the steps to the door of the bookkeeping department. The danger of her undertaking which was due to darkness alone should have been manifest to her. It was a danger which it was her duty to anticipate and guard against. If it was as dark as she says it was, she should have refrained from going up. She voluntarily tested a manifestly dangerous condition, of which she was fully warned, and that act convicts her of contributory negligence and bars her recovery, (Davis v. Edmondson, 261 Pa. 199).

The judgment is affirmed.