## Luther v. Kline, Appellant.

Argued April 23, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*James R. Graham,* of *Graham, Yost & Meyers,* for appellant.

*Harry E. Simmons,* for appellee.

OPINION BY STADTFELD, J., July 2, 1941:

This is an action of trespass by a tenant against her landlord to recover damages for personal injuries suffered in a fall down steps. The case was tried before the court and a jury and verdict for the plaintiff for $850 resulted. Defendant's point for binding instructions was denied and her motion for judgment n. o. v. was overruled. Judgment was entered on the verdict and the defendant appealed.

Defendant is the owner of a four-story brick apartment building in Johnstown. She leased an apartment on the second floor of this building to the plaintiff and her husband. There were two methods of ingress and egress provided in this apartment building. The first was a circular stairway on the inside of the building which was rarely used; the second was a steel and concrete stairway on the outside of the building, with a steel banister or handrail on both sides running its entire length.

After dark, about 8:00 P.M., on October 13, 1938, plaintiff, while descending the outside steps from the second to the first floor, fell and suffered the injuries for which she brought this suit. The plaintiff fell at the second or third step from the bottom of the stairway. She thought that she was at the bottom, or the landing. She had her hand on the handrail while descending this stairway, but removed her hand from the handrail when she thought she had reached the bottom.

The plaintiff charges the defendant with negligence in failing to have the steps adequately lighted after she had complained to the defendant's agent several times about the inadequate lighting of this outside stairway.

The plaintiff had lived in this apartment for four months prior to the accident, and used the outside stairway regularly in common with other tenants of the building. While there was an inside stairway that led from the floor on which the plaintiff's apartment was located to the street level, it was rarely used.

190

We quote from the plaintiff's own testimony from the record in describing this accident: "A. There was light on the porch at the entrance to the hall to my apartment, and it reflected a shadow halfways down the steps; the light was on your back and it was halfway down, and you walked into *total darkness.* ...... Yes, I went out of my apartment and out through the hall, across the hall; and I went down the steps and the light reflected halfways down and the light was on my back. There was a banister I always held onto. *You couldn't see where you were going.* I thought I was clean.down on this platform on the first floor, on this level on Osborn Street; and I must not have been all the way down; I thought I was on the platform, and I fell. ...... Yes, and further down it was dark—*no light at all, not even a shadow.* ...... No, sir, I was in no hurry, you wouldn't rush in the dark anyhow. ...... In coming down I thought I was down on this landing in this corner here. *It was so dark I couldn't see.* I fell, I cannot say how many steps, whether it was two or three; and these boys were standing there and they came back and picked me up, and took me up to the apartment. ...... (A juror) : Q. How did they see you when you fell? A. *They couldn't see me; they heard a thump.* ...... Q. What was the cause of your falling and this injury, Mrs. Luther? A. *On account of the darkness, I couldn't see where I was stepping.*"

The verdict of the jury establishes the negligence of the defendant, in not having provided proper illumination. This appeal presents the single question whether plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff's own testimony that "you walked into total darkness" "you couldn't see where you were going," "no light at all, not even a shadow", "I couldn't see in the dark", "it was so dark I couldn't see," "on account

of the darkness, I couldn't see where I was stepping", together with her admitted familiarity with the locality, and frequent use of the steps, makes it clear that she saw fit to test a recognized dangerous situation which convicts her of contributory negligence and bars her right to a recovery.

Quoting from *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285, 194 A. 194, at p. 288: "Likewise, if one walks in darkness and falls down an elevator shaft he could justly be charged with negligence, for walking in darkness, unless one is absolutely sure of his terrain, is in itself an act of negligence. ...... Cases in which persons who have fallen down elevator shafts are held guilty of contributory negligence are those in which the victims walked through a room that was almost totally dark. For instance, in *Modony v. Megdal,* 318 Pa. 273, 178 A. 395, the plaintiff testified that just before he fell down the elevator shaft, 'it was dark in there and I could not see.' He was asked: 'It was so dark that it was just black, and you could not see a thing; is that correct?' He answered, 'Yes'. In *Davis v. Edmondson,* 261 Pa. 199, 104 A. 582, where plaintiff was injured by falling off a platform adjoining a rear door of a hall and where plaintiff was declared guilty of contributory negligence, it appeared that he had 'walked out through the doorway in the darkness of the night.' The night in question was described as 'a dark night'. In *Hoffner v. Bergdoll,* 309 Pa. 558, 164 A. 607, the situation was described as 'exceptionally dark in the elevator shaft and you couldn't see anybody. There wasn't any (light).' In all these cases the victims were held guilty of contributory negligence because it is elementary that when one is moving in the dark he must proceed with the greatest caution and literally 'feel his way around.' "

Likewise, in several other cases recovery has been barred, where the plaintiff, descending familiar stairs in darkness, should have known the condition, and if

exercising due care would have observed where he was stepping: *Smalley v. First National Bank,* 86 Pa. Superior Ct. 280; *Conboy v. Osage Tribe No. 113,* 288 Pa. 193, 135 A. 729; *Mammana v. Easton Nat. Bank,* 338 Pa. 225, 12 A. 2d, 918.

Plaintiff's evidence shows that she failed to proceed with the caution which the court in the above cases has held must be used when one is proceeding in total darkness.

"Where plaintiff's case as presented to the jury discloses contributory negligence, defendant is not answerable even if actually guilty of negligence: *Cazzulo v. Holscher,* 261 Pa. 447, 450. And this rule applies although the contributory negligence be of a negative character, such as a lack of care or vigilance: *Davis v. Edmondson,* 261 Pa. 199, 203, 204:" *Fordyce v. White Star Bus Lines,* 304 Pa. 106, 110, 155 A. 98.

Plaintiff did not meet this burden. Her testimony disclosed that she simply thought she was down when she wasn't. "I thought I was clean down on this platform on the first floor, ......; and I must not have been all the way down." She never did know exactly how far she fell. The deduction is irresistible that plaintiff took no precautions to make sure that she was where she thought she was. This conclusion is borne out by the silence in her testimony as to any precautions. " ...... she chose to rely on her former experience and abandoned the use of her natural senses for the time being. She blindly trusted a dangerous situation and was injured. ...... 'the plaintiff having stepped down in the dark was in no different position than she would have been had she stepped down with her eyes shut:' " *Fordyce v. White Star Bus Line,* supra.

The assignments of error are sustained, the judgment is reversed and now entered for defendant.