Klais et ux., Appellants, *v.* Guiton.

Argued April 21, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Harry Goldbacher,* for appellants.

*James McG. Mallie,* for appellee.

OPINION BY MR. JUSTICE MAXEY, May 11, 1942:

This is an appeal from the refusal of the court below to take off a compulsory non-suit in an action of trespass. The statement of claim averred that the defendant, the owner of certain premises, orally agreed when these premises were leased to plaintiff, Albert Klais, on October 8, 1938, "to make all necessary repairs to said premises and particularly agreed to repair the cellar steps leading from the kitchen to the cellar" and "did make most of the repairs, . . . including the cellar steps", but "failed to make proper repairs to the cellar steps" and "failed to make them secure and safe". Another averment is that the repair work "was done so negligently and improperly that the said steps remained in a defective and dangerous condition".

On or about May 15, 1940, plaintiff, Isabelle Klais, while descending these steps fell and was injured because, as alleged, "the second tread" of the cellar steps "suddenly gave way and collapsed".

At the trial plaintiff's proof went to the averment that the repairs to the cellar steps was negligently performed. It is the law that a landlord who undertakes to repair premises leased and does so negligently and thereby causes injury to a person lawfully using them is liable to the injured party. See *Harris v. Lewistown Trust Co.,* 326 Pa. 145, 191 A. 34.

The court below held that "the proof for plaintiffs fell completely." The testimony supports this conclusion. Mrs. Klais testified that after the cellar steps were

repaired they "were all right" but in a few months "they started to get wobbly again". She reported to the landlord this condition and then "a colored man came up and looked at them and told (her) he fixed them and they were all right to use". She had heard him "hammering" and "working on the steps". After he had reported the steps as being "all right" she looked at the steps and found "they were all right". She added: "Then on the 15th of May when I went down the cellar this second step from the top gave way before me and I fell to the cellar floor." It is clear that all plaintiffs proved in support of their charge of negligence is the happening of an accident to Mrs. Klais. This was insufficient. The doctrine of res ipsa loquitur does not apply in a case of this kind. Just what caused the steps to give way does not appear. As the trial judge pointed out: "There was no proof in the testimony of a latent defect." What caused the steps to give way can only be conjectured, and as we said in *Whigham v. Metropolitan Life Ins. Co.*, 343 Pa. 149, 22 A. 2d. 704: "The burden of proof resting upon plaintiffs in civil actions cannot be met by conjectures. The phrase 'burden of proof' means exactly what it says."

Complaint is also made because the trial judge rejected the testimony of an architect. On this phase of the case the following appears in the record: Plaintiffs' counsel: "I have one witness who will testify, an architect, as to the quality of the wood." The Court: "Have you alleged the quality of the wood was bad, in your statement?" Plaintiffs' counsel: "No." The Court: "Then I cannot hear any testimony about it." The Court was manifestly correct in so ruling. If the quality of the wood used in the repairs was to be an issue, plaintiffs in their statement should have apprised the defendant of that fact. The general language used in the statement gave no intention of any such issue.

On the question of Mrs. Klais' contributory negligence the Court pertinently pointed out: "If we take the allegations of the statement that the defective condition

had continued from October 8, 1939, to May 15, 1940, then plaintiff daily took the risks of the condition of the steps which she knew all about."

In plaintiffs' statement of question involved appears the following: "Should the Court on the trial of a case before a jury, after the material part of the evidence, but not all has been presented, without motion of any kind from defendant or defendant's counsel, enter a judgment of non-suit?" That the trial judge did so is assigned for error. The record shows that the action so taken by the court was after the evidence as to liability was all in and plaintiffs' counsel announced: "I am going on with the injuries." The Court then said: "I want to save the public time. Tell me what you base liability on." A discussion then followed as to whether or not non-suit should be entered. It was so entered.

Plaintiffs' counsel bases his contention that the trial judge cannot enter a compulsory non-suit without defendant's moving for one, on Rule 224 of Pennsylvania Rules of Civil Practice, which reads as follows: "The court may compel the plaintiff in any action to produce all his evidence upon the question of the defendant's liability before he calls any witness to testify solely to the extent of the injury or damages. The defendant's attorney may then move for a non-suit. If the motion is refused, the trial shall proceed. The court may, however, allow witnesses to be called out of order if the court deems it wise so to do."

This rule does not mean that defendant's attorney *must* move for a non-suit before the court can enter it. The rule prescribes that after all of plaintiffs' evidence on the question of liability is produced, defendant's attorney *may,* if he chooses, move *at that stage* of the case for a non-suit and not wait until all of plaintiffs' evidence on all phases of his case has been introduced. The Act of March 11, 1875, P. L. 6, par. 1; 12 P. S. 645, provides: "Whenever the defendant, upon the trial of a cause in any court of common pleas of this common-

wealth, shall offer no evidence, it shall be lawful for the judge presiding at the trial to order a judgment of nonsuit to be entered, if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave, nevertheless, to move the court in banc to set aside such judgment of nonsuit; . . ."

Procedural Rule *224*, supra, which extends to all actions Rule *125* of the Courts of Common Pleas of Philadelphia County (the latter rule being applicable only to cases of trespass), is *not* in conflict with the section of the Act of 1875 just quoted.

The order is affirmed.