Schon, Admrx., *v.* Scranton-Springbrook Water Service Company, Appellant.

Argued November 17, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Paul A. McGlone*, with him *Frank J. McDonnell* and *Gomer W. Morgan*, for appellants.

*James E. O'Brien*, with him *Robert E. O'Brien*, *J. Desmond Kennedy* and *Robert T. Gownley*, for appellees.

150

These two cases were argued together and will be disposed of in one opinion, there being one question of law in both.

The Scranton-Springbrook Water Service Company has its principal place of business in Scranton, Lackawanna County, Pennsylvania, and on the date of the happening of the accident here involved was engaged in the manufacture of artificial gas in that city.

Sweeney Brothers, a corporation, also of Lackawanna County, was engaged to perform certain construction work at the Scranton-Springbrook plant. A compulsory nonsuit was entered as to it. Sweeney Brothers engaged the Standard Iron Works as a subcontractor to erect an iron staircase, and Walter Laggan and Herman Schon were employes of the latter.

While these two employes of the sub-contractor were standing on a platform approximately six feet above the ground, and operating an acetylene torch, an explosion occurred, causing injuries to both employes, as a result of which Schon died.

Scranton-Springbrook maintained a gas-oil tank, buried about ten feet below the surface of the ground and underneath the stairway landing upon which the decedent and Laggan were using the acetylene torch. The capacity of the tank was 12,000 gallons but it was only one-third full at the time of the accident. From it a vent approximately six inches in diameter extended several inches above the surface of the ground. The vent pipe had not been capped by defendant, but plaintiff had thrown a corrugated iron sheet over it. There was ample evidence that the explosion occurred through fumes from the buried gas-oil tank. The negligence alleged was the failure of the Scranton-Springbrook Water Service Company to warn of the existence of the buried gas-oil tank and

of the hazards involved, and its failure to maintain the tank properly. Verdicts were obtained by the respective plaintiffs upon which judgments were entered, and the defendant appeals because of the refusal of the court below to grant judgments n.o.v. Scranton-Springbrook, defendant, contends: (1) that the plaintiffs did not prove that it had failed to give warning of the existence of a possibly dangerous condition upon the premises; and (2) that they failed to meet the burden of proof imposed upon them as to the necessity of proof of lack of warning to the independent contractor working on the defendant's premises.

As to the alleged warning given, the plaintiff, Walter Laggan, testified that they had thought one of the openings was a pump, as they could see machinery in it. This opening was covered. He was definite that he did not know to what the vent in question led. He further testified that none of them (the workers) were warned not to use an acetylene torch, nor about the vent, the tank or its contents. The testimony of the foreman of Sweeney Brothers was that he did not know of the existence of the tank and was instructed merely to see that everything was covered; and Mr. Dennebaum of the Standard Iron Company, the sub-contractor, testified that no one from the Springbrook Company told him about the buried gas-oil tank.

The plaintiff, Laggan, further testified that there was no warning given whatsoever, and that nothing was said about the particular oil tank buried below the ground, and that he did not know of it.

This testimony was not weakened by cross-examination, and though contradicted by the defendant's testimony, was authenticated by the verdict.

The applicable law on the subject is well stated in the Restatement of the Law of Torts, Section 343: "A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) *knows,* or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize [it] as involving an unreasonable risk to them, and . . . (c) invites or permits them to enter or remain upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility." (Italics supplied).

This has been recognized in a long line of cases commencing with *Bardsley v. Gill,* 218 Pa. 56, 66 A. 1112, and continuing through *Newingham v. The J. C. Blair Company,* 232 Pa. 511, 81 A. 556; *Kulka v. Nemirovsky,* 314 Pa. 134, 170 A. 261; *Sorrentino v. Graziano,* 341 Pa. 113, 17 A. 2d 373; *Straight v. B. F. Goodrich Co.,* 354 Pa. 391, 47 A. 2d 605; and *Debenjak v. Parkway Oil Company,* 159 Pa. Superior Ct. 603, 49 A. 2d 521.

It will be observed that according to the testimony above recited the word "danger" or "risk" was never used in the alleged warning.

That the explosion occurred through the ignition of oil fumes is also established by the verdict. The plaintiffs' testimony also showed that the vent in question was not capped, and that the explosion would not have occurred if it had been properly capped.

It is obvious that the expression "everything should be covered" was not an adequate warning, as there were on the premises six or seven pipes leading from

the ground, none of which was dangerous except the one which caused the explosion in this case.

It might also be observed that both the president and the superintendent of the Springbrook Company saw Schon and Laggan with the acetylene torch just before the explosion, and neither gave warning of the danger.

As far as the burden of proof is concerned, the testimony above referred to showed that the plaintiffs did sustain the burden of proof of lack of warning.

The respective judgments are affirmed.