Denver *v.* Sharpless, Appellant.

Argued December 17, 1959. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

Perry S. Bechtle, with him Thomas E. Comber, Jr., and John J. Runzer, and Pepper, Hamilton & Scheetz, for appellant.

Albert C. Gekoski, for appellees.

Opinion by Watkins, J., March 24, 1960:

This is an appeal from the refusal of the court below to grant appellant's motions for judgment n.o.v. and for a new trial in a trespass action for personal injuries sustained by the wife-plaintiff, Rita Denver, while on the property of the defendant, P. T. Sharpless, the trial of which resulted in verdicts in favor of both plaintiffs.

It should be unnecessary to state that we must view the testimony in the light most favorable to the plaintiffs in whose favor the verdicts were rendered, resolving all conflicts therein in their favor and give them the benefit of every fact and inference of fact, pertaining to the issues involved, which could easily be deduced from the evidence. All the evidence favorable to defendant had to be rejected and only the evidence which supported the verdict could be considered. *Jemison v. Pfeifer*, 397 Pa. 81, 152 A. 2d 697 (1959).

The pertinent facts appear to be as follows: Wife-plaintiff was a frequent visitor to the home on defendant's property occupied by the caretaker of the property, whose wife was the niece of wife-plaintiff. Access could be gained to this home via two entrances, one from Grays Lane over a winding road past the main house and down a steep incline several blocks in length; the other, and much shorter way, being from Mill Creek Road over a small bridge to caretaker's home and also connecting to the main drive.

A month prior to the accident the bridge at the Mill Creek Road entrance was damaged by severe storms which caused a hole to open in the center of the bridge approximately 3' x 3½', and at the time of the accident 4½' deep. Defendant was aware of this dangerous condition and set out to repair same. He also had saw horses placed on both sides of the hole and attached warning lanterns to the end horses, which were lighted at night, and covered the hole with a wooden platform to guard against this obvious danger.

Wife-plaintiff visited the premises many times during this month and was aware of the danger and also the precautions taken. The day of the accident she visited the premises at noon, having entered from Grays Lane and left via the same route not noticing any change in the conditions about the bridge. That night at about 11:00 p.m., she returned to the premises by

the usual route; having parked her car on Mill Creek Road, she walked over the bridge next to the wall where a path was open of a width of at least 3' between the edge of the hole and the wall, and because of the glare of lights from the caretaker's car which were shining in her eyes she noticed no change in the conditions on the bridge. Some time later she was returning to her car by retracing the path used when she entered. At this time the lights of the caretaker's car were not on and she discovered, too late, that the warning lanterns on the saw horses were not lighted, the horse on the home side of the hole was moved and the wooden cover was not over the hole. As a result she fell into the hole and was injured. No warning was given to wife-plaintiff of this change in condition of the area of danger by the defendant or his agents or employees.

The court below treated the wife-plaintiff as a gratuitous licensee and we agree with his conclusions based on that premise. However, we feel that the relationship in this case is stronger than that of a gratuitous licensee in that, although that was clearly her relationship as regards the caretaker who she was visiting, but as regards the defendant landowner who employed the caretaker she became a business visitor. The caretaker received the occupancy of his home as part of his remuneration for his services and with that the right to receive visitors. The wife-plaintiff was the caretaker's wife's aunt. The area of danger here was a portion of an entrance used in common by those approaching the caretaker's home or the main house occupied by the defendant, the care for which was the responsibility of the defendant. This being so, the defendant owed wife-plaintiff a duty to ascertain the actual condition of the premises and having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. *Schon v. Scranton-Springbrook Co.*, 381 Pa. 148, 112 A. 2d 89 (1955).

The Restatement of the Law, Torts §342, in comment 'd' states: "The liability of a possessor of land who invites or permits gratuitous licensees to enter his land, is not based upon a duty to maintain it in safe condition. It is based upon his duty to disclose to them the risk which they will encounter if they accept his invitation or permission. He is required to exercise reasonable care either to make the land as safe as it appears or to disclose the fact that it is as dangerous as he knows it to be." And as President Judge BROWN of the court below put it, "Analysis of the factual situation in the present case reveals that unreasonable risk of bodily harm was created by the removal of the cover from the hole, the failure to continue to place lanterns, and the fact that the carpenter's horses or barricades were taken away. Whether or not the defendant had a duty to provide such safeguards, it must be concluded that since they had been provided and wife-plaintiff had notice of their existence, they could not be removed without warning to her." After changing the condition of the area of danger known to wife-plaintiff defendant neither made it safe nor warned her. This would warrant a finding of negligence by the defendant.

The possible contributory negligence of the wife-plaintiff was properly left to the jury. Each case must turn up on its own peculiar facts. In this case the night was dark, but not pitch black; there was some little light casting shadows about. Wife-plaintiff knew of the defect but not of its present condition. As the court below said: "There was no basis for ruling that wife-plaintiff was contributorily negligent as a matter of law. It has been held repeatedly that the court 'can declare as a matter of law that a certain state of facts amounts to contributory negligence on the part of a plaintiff only in cases so clear that there is no room for fair and sensible men to differ on their conclusions

from the available data'. Cooper v. Heintz Manufacturing Co., 385 Pa. 295, 306; Coulton v. Eyre & Co., 330 Pa. 335, 390. Moreover, 'if on one part of the plaintiff's testimony or that of a witness he is entitled to go to the jury and on another part he is not . . . it is for the jury to reconcile such conflicting statements and say which shall prevail'. Cardone v. Sheldon Hotel Corp., 160 Pa. Superior Ct. 193, 195. In accordance with these principles, the question of wife-plaintiff's contributory negligence was properly submitted to the jury. There was testimony to show that although the area in the vicinity of the hole in the bridge was dark, it was not in absolute darkness. In such a situation, 'where there is a "fairly compelling reason" for walking in the place which is dark, but not utterly devoid of light, the question of contributory negligence is for the jury'. Ellis v. Drab, 373 Pa. 189, 193; Polm v. Hession, 363 Pa. 494, 496. Although there was another route to and from the caretakers' house on defendant's property, this was by means of a steep, winding road. Wife-plaintiff said that there was a deep drop into a wooded section, and that she was afraid to use it. Under the circumstances, her walking over the bridge does not constitute negligence so as to preclude recovery. Dively v. Penn-Pittsburgh Corporation, 332 Pa. 65, 69-70." See also: *Morris v. Atlantic and Pacific Tea Co.*, 384 Pa. 464, 121 A. 2d 135 (1956).

Judgment affirmed.