Keiper, Appellant, *v.* Marquart.

Argued March 7. 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*John J. Pentz, Jr.,* with him *Leo A. Achterman,* for appellant.

*Harry P. O'Neill, Jr.,* with him *J. Joseph McCluskey,* and *Frank M. Walsh,* for appellee.

OPINION BY WRIGHT, J., March 24, 1960:

We are here concerned with a trespass action by a tenant against his landlord arising out of an injury sustained by the tenant on August 7, 1956. The case was tried on February 11, 12, and 13, 1958. At the conclusion of plaintiff's evidence, defendant's motion for a compulsory nonsuit was overruled. Defendant also presented a point for binding instructions which was refused. The jury returned a verdict in favor of the plaintiff in amount of $4,000.00. Defendant thereupon filed motions for new trial and judgment n.o.v. The court below subsequently sustained the latter motion and directed entry of judgment in favor of the defendant. The plaintiff has appealed. Viewed in the light most favorable to the verdict winner, *Farmers' Northern Market Co. v. Gallagher,* 392 Pa. 221, 139 A. 2d 908, the evidence discloses a factual situation which is summarized in the following excerpt from the opinion of the court below:

"The defendant, the owner of a six room dwelling house, leased the same to the plaintiff by oral lease on a month to month tenancy at a monthly rental of twenty-five dollars in advance, and the plaintiff started to

live in the house on June 1, 1956. When the plaintiff moved in, the general condition of the premises was good. Approximately three weeks after the plaintiff moved into the premises, a wet spot appeared on the dirt cellar floor. This wet spot was caused by water flowing out from the joint on the drain pipe which led from the kitchen sink down through the floor, across the ceiling of the cellar and then down into a drain in the corner of the cellar. The leaking was caused by a combination of this drain pipe clogging and the joint in the pipe below the kitchen sink having a faulty connection. Approximately two-thirds of the drain pipe was clogged when it was taken apart by the plumber who repaired the drain shortly after the accident. When the drain would clog, the plaintiff would put Draino into the pipe to open it up, and then it would work properly for at least a week or two thereafter. After the pipe leaked the first time, the plaintiff and defendant went down to the cellar and looked at the pipe and the wet condition of the floor. The defendant agreed that he would have the pipe fixed. In another week or two the drain clogged again and the water leaked out on the cellar floor. In the latter part of July the plaintiff told the defendant that 'if you don't get it fixed then, I am going to move out'. The defendant then said, 'No, don't move out, we will get it fixed'. The defendant did not have the drain pipe fixed or make any repairs to it and on August 7, 1956, when the plaintiff was walking across the cellar to repair the water pump, he slipped on the wet spot on the cellar floor caused by the leaking pipe and received the injury to his hand by thrusting it through the cellar window nearby".

President Judge DAVIS took the position that there was no negligence on the landlord's part for the reason that he did not retain control of the premises; and also that appellant was guilty of contributory negli-

gence as a matter of law. Appellant contends on this appeal (1) that the landlord "reserved sufficient control and possession of the premises to make him liable in tort to the plaintiff"; and (2) that the question of contributory negligence was a matter for determination by the jury. On both points we are in accord with the conclusion of the court below.

On the question of the general liability of a landlord to his tenant for injuries received by the tenant on the premises, it is well established that, in the absence of any provision in the lease, a landlord is under no obligation to repair the leased premises, to see to it that they are fit for rental, or to keep the premises in repair; and that a tenant takes the premises as he finds them and the landlord is not liable for existing defects of which the tenant knows or can ascertain by a reasonable inspection: *Lopez v. Gukenback,* 391 Pa. 359, 137 A. 2d 771. A lessor is not subject to liability for bodily harm caused to his lessee by any dangerous condition, whether natural or artificial, which existed when the lessee took possession, and which the lessee knew, or should have known by reasonable inspection, existed: *Parquet v. Blahunka,* 368 Pa. 626, 84 A. 2d 187. It is also settled law that an agreement to repair does not impose upon the owner a liability in tort at the suit of the tenant; and that occupation and control are not reserved to the owner by his agreement to repair: *Harris v. Lewistown Trust Co.,* 326 Pa. 145, 191 A. 2d 34.

Our review of the original record in the instant case discloses not only that appellant noticed the condition shortly after taking possession of the premises, but also that he recognized its potentially dangerous character. He testified, inter alia, as follows: "Well, we went and looked at it, and I told him it was not very sanitary, it was not safe, you could slip on it or anything . . . I told him it ought to be fixed. He said he agreed on

it. I said it was unsanitary and a fellow could go down there and get hurt, anything could happen, and he agreed that he would get it fixed". As already indicated, liability may not be predicated upon an agreement to repair. The evidence is clearly insufficient to support a finding that appellant's possession of the premises was not otherwise exclusive and complete. We therefore deem it unnecessary to discuss the many cases cited by appellant's resolute counsel.

Coming now to the second question, contributory negligence will be declared as a matter of law only where it is so clearly revealed that there is no room for fair and reasonable disagreement as to its existtence: *Galvin v. Einwechter*, 187 Pa. Superior Ct. 120, 144 A. 2d 471. "The standard of carefulness is the conduct under like circumstances of an average reasonable person possessed of ordinary prudence": *Mogren v. Gadonas*, 358 Pa. 507, 58 A. 2d 150. The application of this standard to appellant's conduct in the instant case clearly establishes his contributory negligence. The leak in the drain pipe caused "soapy, greasy" water to fall upon the earthen cellar floor. Appellant was fully aware of this defect and realized that it created a slippery condition. He testified that he knew the trouble would occur "two or three times every month", and that he was "looking for it". When an individual can assure his own safety by the use of his senses, he must do so or abide the consequences of his carelessness: *Bailey v. Alexander Realty Co.*, 342 Pa. 362, 20 A. 2d 754. See also *Thompson v. Refowich*, 85 Pa. Superior Ct. 248; *Luther v. Kline*, 145 Pa. Superior Ct. 188, 21 A. 2d 138; *Klais v. Guiton*, 344 Pa. 600, 26 A. 2d 293; *Bream v. Berger*, 388 Pa. 433, 130 A. 2d 708. As aptly stated in the opinion below:

"From these facts we must find that the plaintiff knew the drain pipe leaked intermittently and that when it did leak the earth floor became wet, greasy

and slippery. We must further conclude that the plaintiff considered this condition not a mere trifling annoyance, but a condition serious enough to motivate him to terminate his lease and move from the premises if it were not corrected. Under these known and recognized conditions it would seem that the exercise of ordinary care and prudence would require this plaintiff to ascertain the condition of the earth in the vicinity of this leak before proceeding to walk upon it. If he failed to look and see the condition or having ascertained the condition decided to test it, in either event his own lack of ordinary care would have contributed to his injury".

Judgment affirmed.

———

CONCURRING OPINION BY MONTGOMERY, J.:

I concur in the decision of the Court in this case solely on the basis that defendant exercised no control over the property. However, I do not agree with the majority opinion in its finding that the plaintiff was contributorily negligent as a matter of law. The danger being only intermittent and of such nature that use of that part of the cellar area might be made with proper care, it would be for the jury to determine plaintiff's lack of care. *Morris v. Atlantic and Pacific Tea Company*, 384 Pa. 464, 121 A. 2d 135; *Denver v. Sharpless*, 191 Pa. Superior Ct. 554, 159 A. 2d 7; *Starr v. Philadelphia Transportation Co.*, 191 Pa. Superior Ct. 559, 159 A. 2d 10.