## Freedman's Cleaners, Inc. v. Myers

*Waters, Fleer, Cooper & Gallager,* for plaintiff.

*Fox & Fox,* for defendant.

GROSHENS, J., February 20, 1964.—This is an action seeking an injunction to prevent defendants from blocking the use of an alleged easement on defendants' land.

## The Issue

Does plaintiff have a valid easement by prescription?

## Findings of Fact

1. Plaintiff is a corporation operating a dry cleaning plant at 605 West Avenue in the Borough of Jenkintown.

2. Defendants are owners of the premises at 439 and 435 Leedom Street in Jenkintown.

3. West Avenue runs east and west. McGoldrick Avenue is the first road to the north of West Avenue and is parallel to it. The cartway of McGoldrick Avenue is approximately 13 feet wide. Leedom Street runs between West and McGoldrick Avenues and is perpendicular to them.

4. Defendants' property is located on the northwest corner of the intersection of Leedom Street and Mc-Goldrick Avenue and extends westwardly along Mc-Goldrick Avenue for 150 feet. They have owned the land along McGoldrick Avenue since 1960 by virtue of a duly recorded deed.

5. Plaintiff owns a right-of-way having a width of 16 feet and extending from the rear of its dry cleaning plant to McGoldrick Avenue, a distance of approximately 65 feet.

6. Said right-of-way joins McGoldrick Avenue at a right angle opposite the southwest corner of defendants' property, and McGoldrick Avenue ends at the point where it meets the right-of-way.

7. Opposite the north end of the said right-of-way, on defendants' property, there is a paved or gravel

area used for parking by defendants and their tenants and for access to garages located on defendants' land.

8. The owners of plaintiff corporation or their father have operated a dry cleaning plant at this location since 1923.

9. From 1930 until 1956, large tank trucks have made deliveries of fuel oil, gas and cleaning solvent to the rear of plaintiff's plant on an average of approximately five times per month.

10. These deliveries were made in one of two ways: either the trucks would drive forward along McGoldrick Avenue and along the right-of-way to the rear of plaintiff's plant, and, in leaving, would then back down the right-of-way across McGoldrick Avenue onto defendants' property and move forward turning left onto McGoldrick Avenue, or they would drive to the end of McGoldrick Avenue turn right onto defendants' property and then back along the right-of-way to plaintiff's plant.

11. In May of 1963, defendants placed a steel pipe in the ground at the edge of their property along McGoldrick Avenue which prevents these trucks from using defendants' property in negotiating the turn from McGoldrick Avenue onto the right-of-way or vice-versa.

12. This obstruction has not prevented any deliveries from being made to plaintiff's plant, but it has caused the persons making deliveries in large trucks some inconvenience.

13. There has never been anything on defendants' property which would indicate or give notice of the existence of any easement.

14. Prior to purchasing the land along McGoldrick Avenue, defendants had occasionally seen trucks making use of this land in the manner described above, but they had no notice of any claim to any easement on the part of plaintiff.

15. Plaintiff never recorded any deed giving, or purporting to give, the right to use defendants' land in this manner.

## Discussion

Plaintiff claims that the use of defendants' land by trucks making deliveries to its plant for a period in excess of 21 years has created an easement in its favor. In order to establish such an easement the user must be such as would indicate that it is claimed as a right: Farmers' Northern Market Company v. Gallagher, 392 Pa. 221 (1958); Shinn v. Rosenberger, 347 Pa. 504 (1943). "Title by prescription has its foundation in the presumption of a grant arising from the long.continued use or possession of some right of common or other profit or benefit to be taken from or upon the land of another. Accordingly, the use must be such as to indicate that it is claimed as a right and is not the effect of indulgence or anything short of a grant": Shinn v. Rosenberger, supra. Here the nature of the use was such that no claim of right was indicated. It was merely convenient for trucks arriving at or leaving plaintiff's property to make use of a small part of defendants' land in order to make the sharp turn into the right-of-way. Such a use, even though repeated over a long period of time, could never constitute notice to the owner of the land so used that the business to whom the trucks were making deliveries had any claim of right to an easement. The part of defendants' property used was suitably surfaced to accommodate the trucks, and there was no reason for the owner to object at the time. To hold otherwise would penalize common neighborly courtesy. A minor and occasional encroachment such as this must be presumed to be permissive.

Even if plaintiff did obtain a valid easement by prescription, its right to that easement was erased when defendants purchased the property in question and re-

corded their deed. Recognition of an easement by prescription is based on the presumtpion of a lost grant, the presumption arising out of 21 years of adverse user: Farmers' Northern Market Company v. Gallagher, supra; Pierce v. Cloud, 42 Pa. 102 (1862). Such an unrecorded grant is fraudulent and void against any subsequent, bona fide purchaser for value: Act of March 18, 1775, 1 Sm. L. 422, sec. 1, as amended May 19, 1893, P. L. 108, sec. 1, 21 PS §444. Defendants purchased the property in question without any notice of any claim on the part of plaintiff. They had seen trucks occasionally pull onto this land, but this would not cause a reasonable person to make inquiry, especially since the trucks belonged to a variety of owners, none of whom owned the property being serviced by them. In view of this, plaintiff is prevented from asserting a claim to any interest in the land of defendants: Jobling v. Tuttle, 75 Kan. 351, 89 Pac. 699 (1907).

## Conclusions of Law

1. Equity has jurisdiction of the parties and subject matter.

2. Plaintiff did not establish an easement by prescription.

3. Defendants were bona fide purchasers for value, and, therefore, plaintiff cannot assert its claim against them.

## Decree Nisi

And now, February 20, 1964, it is ordered, adjudged and decreed that plaintiff's prayer for an injunction be denied.

The prothonotary, in accordance with the rules of civil procedure, shall give notice to counsel, and unless exceptions are filed within 20 days after notice of the filing of this adjudication, the decree nisi will become the final decree upon praecipe.