## Hayden et ux., Appellants, *v.* Second National Bank of Allentown.

Argued January 25, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Sabato M. Bendiner,* with him *William H. Schneller,* for appellants.

*Laurence H. Eldredge,* with him *Calvin E. Arner* and *Robert T. McCracken,* for appellee.

OPINION BY MR. JUSTICE DREW, May 9, 1938:

The action is trespass by mother and father to recover damages for the death of their son and the destruction of the father's automobile; defendant's affidavit of defense raising questions of law was sustained and judgment entered in its favor. Plaintiffs appeal.

We take the facts from the statement of claim. On February 9, 1935, the son went to get his father's car from the public garage building in Allentown in which it was stored. The car was on the third floor, and the son was taken up in an elevator, the only means of access to the upper floors "for persons with automobiles." It was operated by an employee of the tenant-proprietor of the garage, who was in possession under a lease from the defendant bank, the owner of the building. Instead of waiting for the son to return and drive the car on to the elevator, the operator, without closing the elevator shaft doors and without giving any warning, proceeded

to the fourth floor. Plaintiffs' son, believing that the elevator car was in place at the third floor landing, drove toward the elevator shaft and, "while in the process of carefully driving upon what appeared to be the elevator car in place," drove into the open shaft, plunged to the bottom, and was killed.

Defendant did not build the garage building. At the time it acquired title, the elevator was not equipped with any automatic locking device which would prevent the elevator from being moved until the shaft doors were securely closed; nor did defendant equip the elevator with any such device prior to its lease of the premises.

The general rule is that the landlord who is entirely out of possession and control is not liable for bodily harm caused to the tenant and those upon the leased premises in the latter's right by reason of any dangerous condition existing when the tenant took possession. In other words, such a landlord owes no duty to persons coming upon the premises for conditions present at the time of the tenant's entrance. To this rigid rule of nonliability there are but two exceptions: (1) when the landlord conceals or fails to disclose dangerous conditions of which he has knowledge and of which the tenant is unaware and cannot be expected to discover, and (2) where the landlord, who knows or should know of dangerous conditions, leases premises for a purpose involving the admission of many persons and has reason to believe that the tenant will not first correct the conditions. These principles (See Restatement, Torts, sections 356-362) were recently reviewed at length in *Harris v. Lewistown Trust Co.*, 326 Pa. 145; from them we have no intention to depart. Their application to the present case makes it clear that defendant owed no common-law duty to plaintiffs' son. It is not contended that the landlord delivered possession of the premises to the tenant at a time when they contained concealed dangers known to the landlord and unknown to the tenant. Plaintiffs' contention that defendant is subject to

liability under the second exception is untenable. That exception, exemplified by *Folkman v. Lauer*, 244 Pa. 605, and *Kane v. Lauer*, 52 Pa. Super. Ct. 467, contemplates the lease of premises suitable for accommodating large numbers of the public, such as a theatre, auditorium, stadium, grandstand, or similar construction. Obviously a public garage does not fall within the purview of the exception. If it did, any building into which members of the public came to do business with the tenant would be included; such an extension of the exception would leave nothing of the general rule save the lease of a private dwelling.

Nor do we think defendant subject to liability for breach of any statutory duty. In this respect, plaintiffs rely upon the Act of May 30, 1895, P. L. 129, as amended by the Act of March 19, 1925, P. L. 58. That act requires (section 2) "any person or persons, firm or corporation who may own any building where passenger elevators are used" to provide certain automatic locking devices. It is to be noted that the act is limited to "passenger elevators." This term is not defined in the original act or its amendment; in the Act of May 2, 1929, P. L. 1518, however, "regulating the construction, equipment, maintenance, operation and inspection of elevators," a "passenger elevator" is defined (section one) as "an elevator constructed and used for carrying persons." Plainly, an elevator which is primarily and essentially used to convey automobiles up and down in a garage building is not a "passenger elevator" in any reasonable and ordinary sense of the term. The statute is inapplicable.

In this disposition of the case no problem of proximate causation arises.

Judgment affirmed.