Parquet, Appellant, *v.* Blahunka.

Argued September 25, 1951.  Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*1. C. Bloom,* with him *Bloom, Bloom & Yard,* for appellants.

*H. Russell Stahlman,* for appellee.

Opinion Per Curiam, November 13, 1951:

Is a lessor of land liable for bodily harm caused to his lessee, or others on the land with the consent of the lessee, by any dangerous condition, whether natural or artificial, which existed when the lessee took possession and which the lessee knew or should have known, by a reasonable inspection, existed. That is the sole question raised by these appeals. The learned court below answered this question in the negative and we are of the same opinion.

Kathryn and Arthur Parquet, her husband, plaintiffs, brought these actions against defendant to recover damages for injuries the wife suffered when a defective porch railing gave way during one of her visits to the tenants of defendant, John Blahunka. The court below entered a nonsuit at the close of plaintiffs' case and these appeals are from the court's refusal to take it off.

Mr. and Mrs. Kifer, brother-in-law and sister of Mrs. Parquet, rented a house in Donora from defend-

ant on July 18, 1946, and occupied it continuously through September 13, 1947, the date of the accident. Under the terms of the lease, the tenants were given exclusive possession and covenanted to make all necessary repairs. The defective porch railing had become separated from the house sometime prior to the occupancy of the Kifers and the preceding tenant testified that there was a space of approximately one inch between the end of the railing and the side of the house to which it formerly had been attached, that this breach was easily seen and that the wood of the house at that point was decayed. Although this condition became known to at least Mrs. Kifer shortly after she and her husband moved into the house, nothing was done to repair it.

Mrs. Parquet visited her sister in her home at least once a day from the time Mrs. Kifer first discovered the defective porch rail until September 13, 1947. On that day, Mrs. Parquet came on the leased premises and was about to enter the house when she noticed an automobile tire rolling down a bank and across a road toward some children. In order to warn them, she crossed the porch to the corner where the railing was defective, leaned against it and, upon its giving way, was precipitated to the sidewalk and painfully injured.

We have already passed upon the question raised in these appeals several times before: *Harris v. Lewistown Tr. Co.*, 326 Pa. 145, 191 A. 34; *Hayden v. Nat. Bk. of Allentown*, 331 Pa. 29, 199 A. 218; *Bony v. Fidelity-Phila. Tr. Co.*, 338 Pa. 5, 12 A. 2d 7. In each case, we have held that the landlord was free of liability. There is nothing in the instant case to warrant a different conclusion. The learned court below, therefore, properly refused plaintiffs' motion to remove the nonsuit.

Judgment affirmed.