Miller, Appellant, *v.* Atlantic Refining Company.

Argued January 7, 1958. Before JONES, C. J., BELL, CHIDSEY MUSMANNO, JONES and COHEN, JJ.

*Samuel H. Stewart, Edwin S. Heins* and *Raspin, Espenshade, Heins & Erskine,* for appellant.

*John J. McDevitt, 3rd,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 30, 1958:

The basic question on this appeal is whether the evidence adduced by the plaintiff would legally justify a finding by a jury that the defendant was responsible for the negligent condition existing on certain described

premises which allegedly caused the personal injury for which the plaintiff claims damages. Upon the trial of the case, the jury disagreed and was thereupon discharged by the court without rendering a verdict. Thereafter, the defendant, having submitted a point for binding instructions which the trial judge had declined, moved for judgment on the whole record as authorized by the Act of April 20, 1911, P. L. 70, 12 PS §684. The court *en banc* granted the motion and entered judgment for the defendant; this appeal by the plaintiff followed. Cf. *DeWaele v. Metropolitan Life Insurance Company,* 358 Pa. 574, 58 A. 2d 34.

No factual issue is involved. The question is purely one of law to be resolved on the basis of the uncontroverted facts. The court below in an able opinion by the late Judge CRUMLISH correctly concluded that one Dysart, the lessee of the premises involved and the proprietor of the business conducted therein (and not the defendant-owner of the realty), was in exclusive control and management of the property at the time the plaintiff suffered her injury. No useful purpose would be served by reiterating what is so well stated in the opinion for the court below, reported at 12 Pa. D. & C. 2d 713.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.