591 A.2d 716

**Marian DORSEY, Appellee,**

v.

**CONTINENTAL ASSOCIATES and National Liberty Life Insurance Company.**

**Appeal of CONTINENTAL ASSOCIATES.**

**Marian DORSEY, Appellant,**

v.

**CONTINENTAL ASSOCIATES and National Liberty Life Insurance Company, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1990.

Filed April 22, 1991.

Reargument Denied June 26, 1991.

Claudia D. McCarron, Lower Gwynedd, for Continental, appellant (at 689) and for Continental, appellee (at 690).

Nicholas J. Emper, Media, for appellant (at 690) and appellee (at 689).

Before WIEAND, KELLY and CERCONE, JJ.

KELLY, Judge:

In this opinion we are called upon to determine whether a landowner out of possession of premises leased to a tenant may be held liable for injuries sustained by the tenant's employee from a fall on a stairway which was wet and slippery from accumulated rainwater. We find that the condition of the stairway was not a hidden or concealed defect and was discoverable by the tenant. Hence, the landowner owed no duty to the tenant's employee and may not be held liable for the injuries sustained. For the reasons which follow, we vacate the order entered by the trial court and remand to the trial court to enter judgment *non obstante veredicto* in favor of the landowner.

The facts and procedural history may be summarized as follows. Continental Associates [hereinafter "Continental"] owned real property located at 150 Allendale Road, King of Prussia, Pennsylvania, upon which an office building was located, known as the Continental Arms Office Complex. On September 16, 1980, Continental, as lessor, entered into a lease agreement with National Liberty Life Insurance Company, as lessee [hereinafter "National Liberty"], for office space consisting of 10,000 square feet on the first floor and 10,180 square feet on the second floor of the Continental Arms Office Complex. National Liberty obtained possession on November 1, 1980, and began making rental payments pursuant to the lease agreement.

On December 8, 1981, Marian Dorsey [hereinafter "Dorsey"], an employee of National Liberty, slipped and fell on a tile stairway between the two floors leased to National Liberty. The stairway was wet and slippery as a result of

rain water which had accumulated from persons coming in from the outside. Dorsey sustained injuries to her head and back as a result of her fall. She collected workmen's compensation from her employer, National Liberty.

On May 9, 1983, Dorsey filed a complaint against Continental alleging negligence.[1] On June 8, 1983, Continental filed a writ to join National Liberty as an additional defendant. On June 21, 1983, Continental filed its answer and new matter, to Dorsey's complaint, alleging that because the injury occurred in the office space leased to National Liberty, National Liberty was liable to Dorsey for her injuries. Continental filed its complaint against National Liberty on June 21, 1983. On August 17, 1983, National Liberty filed its answer and new matter alleging that joinder was barred by the Pennsylvania Workmen's Compensation Act, 77 P.S. §§ 1 et seq. On September 14, 1984, after

---

1. Dorsey alleged the following in her complaint:
   9. The negligence of Defendant consisted of one or more of the following:
   (a) Creation of the hazardous, defective and dangerous condition on the stairway at the location of the fall;
   (b) Failure to keep the stairway floor dry and clear of slippery substances at the location of the fall;
   (c) Failure to prevent the existence of a slippery condition or substance on the stairway floor at the location of the fall;
   (d) Failure to warn those on the premises of the dangerous condition which Defendant knew or should have known existed at the location of the fall;
   (e) Failure to construct the stairwell in such a manner as to prevent a slippery, hazardous, defective and dangerous condition at the location of the fall;
   (f) Failure to construct the stairway with adequate treads or other non-slip devices at the location of the fall so as to prevent the hazardous, defective, and dangerous condition to those on the premises;
   (g) Failure to place a protective device or barrier on or around the slippery stairwell at the location of the fall to prevent injury to those persons on the premises:
   (h) Failure to use reasonable prudence and care to maintain and keep the floor at the location of the fall in a safe condition;
   (i) Failure to use reasonable prudence and care in the creation and erection of a hazardous, defective, and dangerous condition in the stairwell at the location of the fall;
   (j) Negligence as will otherwise appear.
   Complaint filed 5/9/83 at 3 and 4.

oral argument, the trial court entered an order granting summary judgment in favor of Continental and against National Liberty for purposes of determining the issue of indemnification. The order further stated that National Liberty was not required to participate in the trial between Dorsey and Continental.

A jury trial commenced on January 4, 1989.[2] On January 9, 1989, the jury returned the verdict slip, finding that although Continental did not retain possession of the stairway, it had a duty toward Dorsey in that a defect existed at the time the premises were leased to National Liberty, and that Continental's breach of its duty caused Dorsey's injuries. The jury found Continental to be seventy-five percent negligent and Dorsey to be twenty-five percent negligent with the total amount of damages being $475,000.

Dorsey thereafter filed a petition for delay damages. Continental filed post-trial motions seeking a new trial or, in the alternative, judgment n.o.v. On February 13, 1990, the trial court entered an order granting Continental a new trial based on the trial court's error in failing to instruct the jury on the liability of a landlord who does not retain possession of the leased premises. On February 15, 1990, the trial court entered an order explicitly denying Continental's motion for judgment n.o.v. Judgment was entered in favor of Continental on February 23, 1990.

Continental, on March 6, 1990, filed this timely appeal contending, *inter alia*, that the trial court erred in denying its motion for judgment n.o.v. Continental argues that Dorsey could not recover against Continental, as a landlord out of possession, without proof of a specific defective condition existing in the stairway at the time of leasing. Continental further argues that even assuming that the

2. On October 19, 1984, Continental had filed a complaint against State–Wide Building Maintenance Co., as additional defendant, alleging that pursuant to the contract for janitorial services between National Liberty and State–Wide Building Maintenance Co., it was liable for Dorsey's injuries. On January 13, 1989, a stipulation, signed by all parties, releasing State–Wide Building Maintenance Co. from the action was filed with the trial court.

defective condition was that rain water accumulated on the tile surface of the stairway, Dorsey has failed to prove that this condition was not likely to be discovered by National Liberty from the time the lease agreement was entered into, September, 1980, until the time of Dorsey's fall, December, 1981. We find the trial court erred by failing to grant Continental's motion for judgment n.o.v.[3]

In reviewing a denial of judgment n.o.v., this Court must view the evidence in the light most favorable to the verdict winner and draw all reasonable inferences and resolve all conflicts in testimony in that party's favor. *Burch v. Sears, Roebuck and Co.*, 320 Pa.Super. 444, 449, 467 A.2d 615, 618 (1983). If, however, the law does not permit recovery upon the alleged facts on which the jury may justifiably have found, a judgment n.o.v. should be granted. *Kobylinski v. Hipps*, 359 Pa.Super. 549, 553, 519 A.2d 488, 490 (1986); *Henze v. Texaco, Inc.*, 352 Pa.Super. 538, 541, 508 A.2d 1200, 1202 (1986). The elements necessary to plead an action in negligence are: (1) the existence of a duty or obligation recognized by law; (2) a failure on the part of the defendant to conform to that duty, or breach thereof; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual loss or damage suffered by the complainant. *Orner v. Mallick*, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987).

In Pennsylvania, a landlord out of possession, in most instances, is not responsible for injuries suffered by third parties on the leased premises. *Kobylinski v. Hipps, supra*, 519 A.2d at 491; *see Parquet v. Blahunka*, 368 Pa. 626, 627, 84 A.2d 187, 188 (1951); *Doyle v. Atlantic Refining Company*, 357 Pa. 92, 98, 53 A.2d 68, 71 (1947); *Henze*

**3.** Dorsey, on March 7, 1990, filed this timely cross-appeal contending that the trial court erred in granting Continental's motion for a new trial. Dorsey argues that Continental failed to make timely, specific and proper objections to the jury instructions. Moreover, Dorsey argues that the trial court gave the correct legal standard to the jury. Dorsey, also, argues that the trial court properly denied Continental's motion for judgment n.o.v. because the evidence submitted by Dorsey was sufficient to prove Continental's negligence. Our disposition renders Dorsey's issues moot and therefore they will not be addressed.

*v. Texaco, supra,* 508 A.2d at 1202; *Pierce v. Philadelphia Housing Authority,* 337 Pa.Super. 254, 257, 486 A.2d 1004, 1005 (1985). However, as this Court has previously stated, this rule is subject to several exceptions.

A landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises, *see: Smith v. M.P.W. Realty Co.,* 423 Pa. 536, 539, 225 A.2d 227, 229 (1967); *Pierce v. Philadelphia Housing Authority, supra;* (2) if the demised premises are so dangerously constructed that the premises are a nuisance *per se, see: Miller v. Atlantic Refining Co.,* 12 D. & C.2d 713, 719 (1957), *aff'd,* 393 Pa. 466, 143 A.2d 380, 383 (1958); (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee, *see: id.;* (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee, *see: Yarkosky v. The Caldwell Store, Inc.,* 189 Pa.Super. 475, 481, 151 A.2d 839, 842 (1959); (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs, *see: Coradi v. Sterling Oil Co.,* 378 Pa. 68, 71, 105 A.2d 98, 99 (1954); or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises, *see Goodman v. Corn Exchange National Bank and Trust Co.,* 331 Pa. 587, 590, 200 A. 642, 643 (1938). *See generally:* 22 P.L.E. *Landlord and Tenant* §§ 257–260; *Prosser and Keeton on Torts* § 63 (5th ed. 1984); Restatement (Second) of Torts §§ 356–362 (1965).

*Henze v. Texaco, Inc., supra,* 508 A.2d at 1202. Our Supreme Court has elaborated on exception number three as follows.

A landlord out of possession is liable for resulting injuries if, when he leases premises, he conceals an existing

dangerous condition on the land which he has reason to believe the tenant will not discover. The liability of Brucker and Rybas [the landlords], therefore, *is limited to hidden or concealed defects: Hayden v. Second National Bank of Allentown*, 331 Pa. 29, 199 A. 218; *Harris v. Lewistown Trust Company*, 326 Pa. 145, 191 A. 34. In the former case, this Court said [331 Pa.] (p. 31 [199 A. 218]): "The general rule is that the landlord who is entirely out of possession and control is not liable for bodily harm caused to the tenant and those upon the leased premises in the latter's right by reason of any dangerous condition existing when the tenant took possession. In other words, such a landlord owes no duty to persons coming upon the premises for conditions present at the time of the tenant's entrance. To this rigid rule of non-liability there are but two exceptions: (1) when the landlord conceals or fails to disclose dangerous conditions of which he has knowledge and of when the tenant is unaware and cannot be expected to discover..."

*Doyle v. Atlantic Refining Co., supra*, 53 A.2d at 71 (emphasis added); *see also Parquet v. Blahunka, supra* (landlord out of possession held not liable for personal injuries sustained by third party who fell onto sidewalk when defective porch rail gave way even though defective porch rail existed when tenant took possession because tenant knew or should have known by reasonable inspection of its existence); *Kobylinski v. Hipps, supra* (tenant not landlord out of possession owed duty to warn social guest of tenant of hazardous stairwell; landlord held not liable for death of social guest).

With these legal principles in mind, we turn to an examination of the evidence adduced instantly. On a rainy day, more than a full year after National Liberty-tenant took possession, Dorsey, an employee of National Liberty-tenant, sustained personal injuries when she fell on a stairway which was slippery from rain water tracked in by people using the stairway. N.T. 1/5/89 at 54–55, 59–61; N.T. 1/6/89 at 178. The stairway became wet whenever it

rained. N.T. 1/5/89 at 55. The lease agreement did not specifically reference the stairway. The lease described the rented areas as:

> office space located at 150 Allandale Road, King of Prussia, PA 19406, known as the CONTINENTAL ARMS OFFICE COMPLEX, consisting of 10,000 square feet on the first floor and 10,180 square feet on the second floor or a total of 20,280 square feet of space.

Lease Agreement dated 9/16/80. The jury, pursuant to a verdict slip, found that Continental did not retain possession of the area in which Dorsey fell, but that the defect existed at the time of the premises were leased to National Liberty. Verdict Slip Question # 2.

Continental was a landlord out of possession. The only basis upon which Continental could be held liable for Dorsey's injuries is the third exception stated previously, *i.e.*, if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee. As our Supreme Court explained, the liability of a landlord out of possession to injured third parties, who are on the premises with consent of tenant, is limited to hidden or concealed defects. The "defect" instantly is a stairway which becomes wet from water tracked in by persons when it is raining. It is patently clear that the accumulation of rain water tracked in by persons using the stairway is not a hidden or concealed defect and that such accumulation could quite obviously be discovered by the tenant, National Liberty, within the year and one month it retained possession of the premises. As such, we find, viewing the evidence most favorable to Dorsey, that Continental owed no duty to Dorsey. Rather, the duty was owed by National Liberty.

Dorsey cites two cases in an attempt to show that liability may be imposed to show that liability may be imposed for injuries sustained as result of falls on wet, slippery floors. In *Katz v. John Wanamaker Philadelphia*, 381 Pa. 477, 112 A.2d 65 (1955), a store patron fell on slippery and wet stairway. Our Supreme Court reversed the order of the

trial court which had granted the store owner a directed verdict, holding that the issues of the store owner's negligence and of the store patron's contributory negligence were for the jury. In *Papa v. Pittsburgh Penn Center Corporation*, 421 Pa. 228, 218 A.2d 783 (1966), our Supreme Court found that the evidence adduced at trial supported a finding of negligence on behalf of a landlord who retained control over the hallway where tenant's business invitee slipped and fell on the accumulation of water and dirt. In both of these cases, the store owner in *Katz* and the landlord in *Papa*, retained possession and control over the areas where the injuries occurred. A duty owed to the tenant's business invitee by the landlord was established in *Papa*. Whether a duty was owed to the store patron by the store owner was a question for the jury in *Katz*. Instantly, there is no duty owed by Continental to Dorsey. There is no doubt that Dorsey received personal injuries from her fall but the liability for these injuries lies on the one who owed the duty to Dorsey. National Liberty, as tenant, owed the duty, not Continental, as landlord out of possession.

The trial court's order granting a new trial is vacated and the case is remanded with directions to enter judgment n.o.v. in favor of Continental.

Jurisdiction relinquished.