**Matulevich v. Hatchard**

228

*Jeffrey G. Velander,* for plaintiff.
*Maryann Higgins,* for defendant Hatchard.
*F. Andrew Wolf,* for defendant Terwilliger.

CHESLOCK, *J.,* January 6, 1998— Plaintiff commenced this action on October 11, 1996 by filing a praecipe for writ of summons. Defendants Terwilliger filed a praecipe for rule to file complaint on December 16, 1996. Plaintiff filed a complaint on January 14, 1997. On February 4, 1997, defendant Hatchard filed an answer and new matter. Defendant Hatchard alleged that plaintiff was contributorially negligent and joined defendants Terwilliger as additional defendants pursuant to Pa.R.C.P. 2252(d).

Defendants Terwilliger filed an answer and new matter on February 18, 1997. Defendants Terwilliger denied liability on the basis that they were not in possession or control of the premises at issue. Furthermore, defendants Terwilliger joined defendant Hatchard pursuant to Pa.R.C.P. 2252(d).

On February 24, 1997, defendant Hatchard filed a reply to defendants Terwilligers' new matter. On March 4, 1997, defendants Terwilliger filed a reply to defendant Hatchard's new matter. Plaintiff filed an answer to defendant Hatchard's new matter on April 30, 1997.

On October 30, 1997, defendants Terwilliger filed a motion for summary judgment and praeciped the case for argument. Defendants Terwilliger filed a brief in support of the motion for summary judgment on November 14, 1997. Plaintiff filed a brief in opposition to defendants' motion for summary judgment. Defendant Hatchard filed her brief in opposition to the motion for summary judgment on December 1, 1997. Arguments were heard on December 1, 1997, and we are now ready to dispose of this matter.

The law pertaining to motions for summary judgment is found in Rule 1035 of the Pennsylvania Rules of Civil Procedure. Rule 1035.2 states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, . . . ." Pa.R.C.P. 1035.2, 42 Pa.C.S.

Rule 1035.3 states:

"(a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

"(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

"(c) The court may rule upon the motion for summary judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

"(d) Summary judgment may be entered against a party who does not respond." Pa.R.C.P. 1035.3, 42 Pa.C.S.

Rule 1035.4 states:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed

by depositions, answers to interrogatories, or further affidavits." Pa.R.C.P. 1035.4, 42 Pa.C.S.

In addition, Pennsylvania courts have held that: "[t]he moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law." *Pennsylvania Gas and Water Co. v. Nenna & Frain Inc.*, 320 Pa. Super. 291, 298, 467 A.2d 330, 333 (1983). (citations omitted)

Furthermore, "[t]he entire record is to be examined in the light most favorable to the party opposing the motion, and all doubts concerning the existence of a genuine issue of fact must be resolved in that party's favor." *Mattia v. Employers Mutual Companies*, 294 Pa. Super. 577, 579, 440 A.2d 616, 617 (1982), citing *Bowman v. Sears, Roebuck & Co.*, 245 Pa. Super. 530, 369 A.2d 754 (1976).

Finally, summary judgment should only be granted in cases where the right to it is free and clear from doubt. See *Pennsylvania Gas and Water Co., supra.*

Plaintiffs assert that defendants Terwilliger, the landowners, were negligent in causing the injury to plaintiffs' son on property leased to defendant Hatchard. Defendants Terwilliger contend that they are not liable for the injuries as a result of their status as out of possession landlords.

It is well established in Pennsylvania that "a landlord out of possession, in most instances, is not responsible for injuries suffered by third parties on the leased premises." *Dorsey v. Continental Associates*, 404 Pa. Super. 525, 529, 591 A.2d 716, 718 (1991). (citations omitted) But, "[a] landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises; . . . (2) if the demised premises are so dangerously constructed that the premises are

a nuisance per se; . . . (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee; . . . (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee; . . . (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs; . . . or (6) if the lessor fails to make repairs after having been given notice of and reasonable opportunity to remedy a dangerous condition existing on the leased premises." *Id.* at 530, 591 A.2d at 718-19. (citations omitted)

Defendants Terwilliger contend that no exception applies and that they, in their capacity as out of possession landlords, are not liable for the injuries sustained on their property. Plaintiffs and defendant Hatchard contend that defendants Terwilliger are liable because an exception applies in the instant case.

The second, fourth and fifth exceptions do not apply in the instant case. Therefore, this court shall make the determination as to whether the other exceptions apply and whether a genuine issue of material fact exists.

The first exception states that an out of possession landlord may be liable for injuries occurring upon the land if the landlord specifically reserved control over the portion of the property upon which the injury occurred. In the instant case, defendants Terwilliger incorporated standard boilerplate language in the lease with defendant Hatchard.[1] This court determines that

---

1. "5th. The lessors reserves [sic] the right at all times to visit and inspect the demised premises, personally or by agent, and to cause any repairs to be made which he may deem proper; also the

the reservation of right by defendants Terwilliger to enter upon the land to make necessary repairs does not rise to the requisite level of control as contemplated by the first exception. Therefore, defendants Terwilliger cannot be found liable with regards to the first exception.

The third exception imposes liability on an out of possession landlord if the landlord knows of a dangerous condition on the leased premises and fails to disclose this dangerous condition to the lessee. In the instant case, the metal pole that caused the injury to plaintiff was substantially altered from the time defendant Hatchard took possession of the property to the time the injury took place. At her deposition, defendant Hatchard stated that the metal pole was 10 feet high when they moved into the residence. (N.T. at 12.) Defendant Hatchard further stated that the metal pole was broken off because her children were swinging on the pole. (N.T. at 16.) After the metal pole was broken off, defendant Hatchard stated that the metal pole was approximately two feet high. (N.T. at 17.) Plaintiff was subsequently injured by the two-foot-high metal pole as he attempted to jump over the metal pole. (N.T. at 25.)

This court finds that a 10-foot-high metal pole and a jagged two-foot-high metal pole are substantially different in the sense that the 10-foot metal pole was not a dangerous condition that defendants Terwilliger were under a duty to disclose to defendant Hatchard at the time she took possession of the premises. The dangerous condition occurred when the metal pole was broken off, after defendant Hatchard took possession, and stood at approximately two feet off the ground.

---

right at any time to put up a 'For Sale' sign in such place on the premises as he may elect; and a 'For Rent' sign immediately, in case notice to quit is given. Prospective purchasers or tenants authorized by lessor may inspect the premises at reasonable hours at any time."

Therefore, this exception will not impose liability upon defendants Terwilliger.

The final exception may impose liability upon an out of possession landlord if the landlord fails to repair a dangerous condition after notification of a dangerous condition and a reasonable opportunity to repair the dangerous condition is given to the landlord. In the instant case, the landlord was not notified of the dangerous condition that existed on the property after defendant Hatchard's children broke the metal pole. In her deposition, defendant Hatchard testified that she had not notified defendants Terwilliger of the dangerous condition. (N.T. at 17.) Defendant Hatchard's failure to notify the landlords of the dangerous condition absolves defendants Terwilliger of any liability under this exception. Therefore, no genuine issue of material fact exists and defendants Terwilliger are entitled to judgment as a matter of law.

Accordingly, we enter the following order:

## ORDER

And now, January 6, 1998, the motion for summary judgment filed by defendants, John M. Terwilliger and Kim Terwilliger, is hereby granted.