NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3473
_____

ROBERT EISENBERRY

v.

SHAW BROTHERS; SHAW BROTHERS DONKEY BALL;
TIMOTHY SHAW, d/b/a Shaw Brothers Donkey Ball Co.;
KIM M. SKERPON

Kim M. Skerpon,
Appellant


On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 08-cv-01337
U.S. Magistrate Judge Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 24, 2011

Before: FUENTES, SMITH, and GREENBERG, *Circuit Judges*

(Filed: March 30, 2011)

OPINION


SMITH, *Circuit Judge*

On September 4, 2007, Robert Eisenberry fell from a hayloft in a barn and

sustained a spinal cord injury that left him a paraplegic.  At the time of Eisenberry's

1

injury, Kim M. Skerpon, who owned the barn, had leased it to Timothy Shaw and Shaw Brothers Donkey Ball Company (collectively "Shaw Brothers"). Thereafter Eisenberry sued Skerpon and Shaw Brothers, alleging that they had been negligent and that they were liable for his injuries. Both Skerpon and the Shaw Brothers unsuccessfully moved for summary judgment on liability. A jury subsequently returned a verdict in favor of Eisenberry.[1] The District Court denied Skerpon's post-trial motion pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law. This timely appeal followed.[2]

Skerpon argues that the District Court erred by denying her motion for summary judgment and her Rule 50 motion. Because the case proceeded to trial, "our review is limited to the District Court's denial of the . . . Rule 50 motion." *Hopp v. City of Pittsburgh*, 194 F.3d 434, 439 n.3 (3d Cir. 1999). We exercise plenary review over a district court's ruling on a Rule 50 motion for judgment as a matter of law. *Johnson v. Campbell*, 332 F.3d 199, 204 (3d Cir. 2003). "In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

---

[1]  The parties consented to having United States Magistrate Judge Malachy E. Mannion conduct all pretrial and trial proceedings as permitted by 28 U.S.C. § 636(c)(1).

[2]  The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. Although the trial was limited to the issue of liability, we have final order jurisdiction under 28 U.S.C. § 1291 because the parties stipulated to the total amount of damages prior to trial.

Skerpon contends that the District Court erred in denying her motion for judgment as a matter of law because the evidence was insufficient to establish (1) that she owed a duty to the plaintiff as an out-of-possession landlord, and (2) that a breach of this duty caused Eisenberry's injury. Skerpon focuses on her testimony concerning her obligations under the lease to support her assertion that she did not owe a duty. We cannot ignore, however, that Timothy Shaw also testified concerning his obligations under the lease and that his testimony conflicted with Skerpon's in several respects. After considering all of the evidence adduced at trial, and without "mak[ing] credibility determinations or weigh[ing] the evidence," *id.*, we conclude that there was sufficient evidence for a jury to conclude that Skerpon, despite her status as an out-of-possession landlord, owed a duty to Eisenberry. *See Dinio v. Goshorn*, 270 A.2d 203, 206 (Pa. 1969); *Dorsey v. Cont'l Assoc.*, 591 A.2d 716, 718 (Pa. Super. Ct. 1991). Furthermore, we conclude that there was sufficient evidence for a jury to find that a breach of this duty caused Eisenberry's injury. Accordingly, we will affirm the judgment of the District Court.