J-A31028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL VASILIK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| VOIPOCH, LLC | |
| Appellee | No. 1890 EDA 2016 |

Appeal from the Order Entered June 7, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2015-C-0904

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 22, 2017**

Michael Vasilik appeals from the June 7, 2016 order of the Lehigh County Court of Common Pleas granting summary judgment in favor of Voipoch, LLC ("Voipoch") in this premises liability action.  We affirm.

The trial court summarized the facts of this case as follows:

> On January 1, 2012, Voipoch . . . and Infradapt, Inc. (Infradapt) entered into a five-year lease agreement wherein Infradapt would exclusively occupy the property located at 1126 Trexlertown Road, Breiningsville, Lehigh County, Pennsylvania (the property) as a tenant in exchange for the payment of rent to Voipoch at a rate of $5,000 per month.  On March 23, 2015, Plaintiff, Michael Vasilik . . . filed a Complaint against Voipoch and Upper Macungie Township [("Township")][1] seeking damages as a result of an alleged slip and fall that occurred on June 4, 2013, in a stairwell without a handrail between the second and third floors of the property.  The Complaint sounds in premises liability and alleges that [Vasilik] suffered injuries

_____

[*] Former Justice specially assigned to the Superior Court.

as a result of the carelessness and negligence of Voipoch. The Complaint alleges that [Vasilik] was at the property in order to perform his ordinary and customary work for Voipoch's tenant, Infradapt.

> [1] [The] Township was dismissed from the case by court order dated May 19, 2015.

Trial Ct. Op., 6/7/16, at 1-2.

On December 31, 2015, Voipoch filed a motion for summary judgment, asserting that as an out-of-possession landlord, it owed no duty to Vasilik. The trial court heard argument on the motion on March 11, 2016. On June 7, 2016, the trial court granted summary judgment in Voipoch's favor. Vasilik timely appealed to this Court.[1]

Vasilik presents the following question for our review:

> DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT AGAINST [VASILIK] BY HOLDING THAT DEFENDANT VOIPOCH LLC WAS A LANDLORD OUT OF POSSESSION AND NOT RESPONSIBLE FOR THE CONDITION OF THE PREMISES WHERE [VASILIK] FELL ON A STAIRWELL WITH NO HANDRAIL WHEN VOIPOCH LLC'S LEASE WITH [ITS] TENANT ALLOWED VOIPOCH LLC TO ENTER THE PREMISES AND MAKE REASONABLE IMPROVEMENTS AND REPAIRS TO THE REAL ESTATE AND WHEN THE DEFENDANT LANDLORD FAILED TO ABIDE BY LOCAL BUILDING CODES PRIOR TO RENTING PREMISES TO TENANT?

Vasilik's Br. at 4.

_____

[1] The trial court did not order Vasilik to file a Pennsylvania Rule of Appellate Procedure Rule 1925(b) statement, and the trial court did not file a Rule 1925(a) opinion. Instead, the trial court issued an opinion contemporaneous with its June 7, 2016 order granting summary judgment, which addresses Vasilik's issue on appeal.

Our standard of review of an order granting summary judgment is as follows:

> [O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. . . . [We] may reverse the entry of a summary judgment only [if we] find[] that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

*Mull v. Ickes*, 994 A.2d 1137, 1139-40 (Pa.Super. 2010); *see* Pa.R.C.P. 1035.2.

In a premises liability action, the plaintiff must establish: (1) a duty recognized by law; (2) a breach of that duty; (3) a causal connection between the breach and the resulting injury; and (4) actual loss or damage to the plaintiff. *Jones v. Levin*, 940 A.2d 451, 454 (Pa.Super. 2007). Generally, an out-of-possession landlord owes no duty to third parties who are injured on the leased premises. *Id.* This rule, however, is subject to six exceptions:

> A landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises, (2) if the demised premises are so dangerously constructed that the premises are a nuisance *per se*, (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee, (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to

- 3 -

the lessee, (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs, or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises . . . .

*Dorsey v. Cont'l Assocs.*, 591 A.2d 716, 718-19 (Pa.Super. 1991) (quoting *Henze v. Texaco, Inc.*, 508 A.2d 1200, 1202 (Pa.Super. 1986)) (citations omitted).

Vasilik first asserts that Voipoch was liable under the "reserved control" exception. The "reserved control" exception applies to premises liability actions "involving 'common areas' such as shared steps or hallways in buildings leased to multiple tenants." *Jones*, 940 A.2d at 454. Under this exception, an out-of-possession landlord may be liable to an injured third party if the landlord "has reserved control over a defective portion of the leased premises or over a portion of the leased premises which is necessary to the safe use of the property." *Id.* Vasilik contends that the lack of a handrail on the staircase between the second and third floors was a defective condition of the property and that because Voipoch had reserved control over that portion of the building, it was liable for failing to install a handrail. We disagree.

In *Kobylinski v. Hipps*, 519 A.2d 488, 491 (Pa.Super. 1986), this Court held that an out-of-possession landlord was not liable for the death of a tenant's guest who fell from an unlit exterior staircase with no handrail. We stated that an out-of-possession landlord is not liable to a third party injured "by any dangerous condition, whether natural or artificial, which existed at the time the [tenant] took possession and which the [tenant]

knew or should have known to exist." ***Id.*** In that case, it was "patently clear that the **unguarded condition of the outside stairwell was conspicuous at the time the lease was executed** and that [the tenant] never questioned [the landlord] about its safety." ***Id.*** (emphasis added). Here, as in ***Kobylinski***, the unguarded condition of staircase between the second and third floors existed at the time the lease was executed and Infradapt, the tenant in possession, never questioned Voipoch about the staircase's safety.

Moreover, contrary to Vasilik's assertion, the record reflects that Voipoch did not reserve control over any portion of the leased building. Vasilik contends that because Voipoch's zoning application included floor plans for only the first and second floors, the reasonable inference is that the Township did not approve the use or occupancy of the third floor. ***See*** Vasilik's Ans. to Summ. Judg. Mot., Ex. C. Thus, Vasilik claims that Voipoch impliedly reserved control over the staircase between the second and third floors. This claim is belied by the record.

The certificate of occupancy certifies Infradapt's occupancy of "1126 Trexlertown Road"; it does not limit Infradapt's occupancy to the first and second floors. ***See*** Voipoch's Summ. Judg. Mot., Ex. F. The certificate of occupancy also states: "This is to certify that the **building structure** has been inspected and found in compliance with Zoning, Plumbing, Electrical and Building Codes of [the] Township, and the above stated occupancy and use thereof is hereby authorized." ***Id.*** (emphasis added). Therefore, the

record shows that Voipoch leased the entire building to Infradapt and did not reserve control over the third floor or any portion of the stairwell at issue. As the trial court correctly found:

> No evidence has been presented to support [Voipoch's] control over the third floor of the building it rented to Infradapt. The lease at issue is [for] the *building* located at 1126 Trexlertown Rd, Breiningsville, Lehigh County, Pennsylvania. The entire building was rented to Infradapt; Voipoch did not reserve any portion of the building for its own use. Further, there is no evidence to suggest that Voipoch reserved any actual control over any portion of the building.

Trial Ct. Op., 6/7/16, at 5-6 (emphasis in original) (internal citation omitted). We find no error.

Next, Vasilik asserts that Voipoch was liable under the "negligent repair" exception, which provides that an out-of-possession landlord may be liable to an injured third party if the landlord negligently repairs a portion of the leased premises. **See Henze**, 508 A.2d at 1203. Vasilik claims that under the terms of the lease, Voipoch was "empowered" to make necessary repairs to the unguarded staircase once it knew that Infradapt had failed to make such repairs. Vasilik's Br. at 19. Vasilik relies on the following lease provisions:

> 6.1 Operation of Leased Premises. The Tenant shall assume full responsibility for the operation and maintenance of the Leased Premises for the repair or replacement of all fixtures or chattels located therein or thereon. The Landlord shall have no responsibility whatsoever, with respect to maintenance, repairs or replacement, except as provided in section 6.2 herein, provided that if Tenant fails to do so, the Landlord may at its sole option upon 14 days prior written notice . . . elect to perform such maintenance, repairs or replacement as

- 6 -

> the Landlord may reasonably deem necessary or desirable. . . .
>
> 6.2 Access by Landlord. The Tenant shall permit the Landlord to enter the Leased Premises at any time . . . to examine, inspect and show the Leased Premises for purposes of leasing, sale or financing, to provide services or make repairs, replacements, changes or alterations as provided for in this Lease and to take such steps as the Landlord may deem necessary for the safety, improvement or preservation of the Leased Premises. . . .

Vasilik's Ans. to Summ. Judg. Mot., Ex. D, ¶¶ 6.1, 6.2. Vasilik claims that because Voipoch made other safety improvements to the property, including the installation of a handrail on the staircase between the first and second floors, it was likewise required to install a handrail between the second and third floors. We disagree.

A landlord's "[r]eservation . . . of the right to enter upon the leased premises . . . to make repairs and alterations, if he should elect to do so, implies no reservation of control over the premises which will render him chargeable with their maintenance and repair." *Henze*, 508 A.2d at 1202 (quoting 49 Am. Jur. 2d Landlord and Tenant § 775 (1970)). Further, "the fact that the landlord makes repairs does not impose [on him either a duty] to keep the demised premises in repair, or liability for damages for injuries caused by a failure to keep the premises in repair." *Id.* at 1202-03 (alteration in original).

With regard to the negligent-repair exception, the trial court concluded:

> [Vasilik's] argument that Voipoch undertook to make the repair but did so negligently is simply not true. [Vasilik] attempts to argue that [Voipoch's] installation of a

handicapped ramp, paving of the parking lot, installation of landscaping, and installation of a handrail between the first and second floors established a general undertaking of repair of the property and the failure to install a handrail between the second and third floors equates to the negligent repair of the handrail. There is no evidence that [Voipoch] attempted to install a handrail between the second and third floors. Because [Voipoch] never undertook the task of installing the handrail between the second and third floors, it cannot be asserted that the installation was done negligently.

Trial Ct. Op., 6/7/16, at 7. We find no error.[2] *Cf. Henze*, 508 A.2d at 1203 (holding that negligent-repair exception did not apply "because Texaco had never been called upon to make repairs to the [doorway] threshold" where third-party plaintiff was injured).[3] Accordingly, we conclude that the trial court properly granted summary judgment in Voipoch's favor.

Order affirmed.

---

[2] In any event, Voipoch's installation of a handrail between the first and second floors pre-dated its lease with Infradapt.

[3] *But see Kelly by Kelly v. Ickes*, 629 A.2d 1002, 1006-07 (Pa.Super. 1993) (concluding that genuine issue of fact existed regarding whether landlord negligently undertook repair of unguarded staircase, where tenant had informed landlord several times that lack of handrail was hazard to her young children and landlord had promised to install handrail but never did).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/2017