J-S32045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERI L. EYLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL GLADHILL AND LORRAINE | : | |
| GLADHILL | : | |
| | : | No. 1965 MDA 2017 |
| Appellees | : | |

Appeal from the Order Entered December 13, 2017
in the Court of Common Pleas of Franklin County
Civil Division at No.:  2015-4718

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 03, 2018**

Appellant, Teri L. Eyler, appeals from the order granting the motion for summary judgment of Appellees, Paul Gladhill and Lorraine Gladhill, in this landlord-tenant negligence action.  Specifically, she claims that the trial court erred when it held that the evidence did not establish that Appellees had breached a duty of care owed to Appellant.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record.  On March 25, 2015, Appellant fell down the basement stairs of the residence that she rented from Appellees.  Appellant had observed the condition of the stairs during her initial walkthrough of the premises prior to leasing it, and had used them often prior to the fall while living in the home.  (**See** Appellant's Deposition, 4/20/17, at 15, 18).  On December 31, 2015, Appellant filed a complaint alleging that Appellees

_____
* Retired Senior Judge assigned to the Superior Court.

negligently breached their duty as landlords to maintain the basement stairs in a safe and usable condition with adequate lighting and handrails.

The parties completed discovery, and, on September 14, 2017, Appellees filed a motion for summary judgment, arguing that the evidence did not establish that they had breached a duty of care owed to Appellant. The trial court granted Appellees' motion for summary judgment on December 13, 2017. This timely appeal followed.[1]

Appellant raises one question on appeal: "[Whether] genuine issues of material fact exist as to whether [Appellees] owed [Appellant] a duty of care and breached that duty causing [Appellant's] injuries?" (Appellant's Brief, at 3) (unnecessary capitalization omitted).

In her issue, Appellant claims that the trial court erred in granting Appellees' motion for summary judgment. (*See id.* at 8-11). She concedes that generally out of possession landlords are not liable for injuries suffered by their tenant, but claims that Appellees should nevertheless be liable because they had reason to know of the defect. (*See id.* at 8-9). We disagree.

Our standard of review of an order granting summary judgment is well settled.

> As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly

---

[1] Pursuant to the trial court's order, Appellant filed her statement of errors complained of on appeal on January 4, 2018. The trial court entered its opinion on January 23, 2018. *See* Pa.R.A.P. 1925.

demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

**High v. Pennsy Supply, Inc.**, 154 A.3d 341, 345 (Pa. Super. 2017), *appeal denied*, 171 A.3d 1287 (Pa. 2017) (citations omitted).

The elements necessary to plead an action in negligence are: (1) the existence of a duty or obligation recognized by law; (2) a failure on the part of the defendant to conform to that duty, or breach thereof; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual loss or damage suffered by the complainant. [**See**] **Orner v. Mallick**, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987).

In Pennsylvania, a landlord out of possession, in most instances, is not responsible for injuries suffered by third parties on the leased premises. However, as this Court has previously stated, this rule is subject to several exceptions.

A landlord out of possession may incur liability (1) if he has reserved control over a defective portion of the demised premises; (2) if the demised premises are so dangerously constructed that the premises are a nuisance *per se*; (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee; (4) if the

landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee; (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs; or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises.

**Henze v. Texaco, Inc.**, [508 A.2d 1200, 1202 (Pa. Super. 1986)]. Our Supreme Court has elaborated on exception number three as follows.

A landlord out of possession is liable for resulting injuries if, when he leases premises, he conceals an existing dangerous condition on the land which he has reason to believe the tenant will not discover. The liability of . . . [the landlords], therefore, **is limited to hidden or concealed defects**. . . .

**Dorsey v. Cont'l Assocs.**, 591 A.2d 716, 718-19 (Pa. Super. 1991), *appeal denied*, 612 A.2d 985 (Pa. 1992) (most citations omitted; emphasis in original).

In the instant case, Appellees did not retain control of the premises and thus were landlords out of possession. (**See** Appellant's Brief, at 6; Trial Court Opinion, 12/13/17, at unnumbered page 4). The evidence also demonstrated that the condition of the basement stairs, the lack of a handrail, and the limited lighting, existed during Appellant's initial walkthrough of the house before she leased it and moved into the property. (**See** Appellant's Deposition, at 15). Appellant has not set forth, nor has our review revealed, any evidence that Appellees concealed any defect. **See Dorsey**, **supra** at 719.

- 4 -

Accordingly, we conclude that the trial court did not err or abuse its discretion when it held that the evidence did not establish that Appellees breached a duty of care owed to Appellant. **See High**, **supra** at 345. Because Appellees were landlords out of possession, and because they did not conceal any defects from Appellant when she leased the property, Appellees, as a matter of law, are not liable for injuries caused by the condition of the stairs, the lack of a handrail, or the limited lighting. **See Dorsey**, **supra** at 718-19. Therefore, we agree that Appellees are entitled to summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018